**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WALTER DELEONECHEVERRIA, <br> Appellant, | DOCKET NUMBER <br> DA-1221-15-0208-W-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, <br> Agency. | DATE: October 5, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barry D. Elliott, Esquire, San Antonio, Texas, for the appellant.

Bernard J. Glavy, Esquire, Joint Base San Antonio, Randolph, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under 5 U.S.C. § 1221.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact;  the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order, to VACATE the administrative judge's alternative finding, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant was formerly employed by the agency as a Police Officer at Fort Sam Houston, Joint Base San Antonio, Texas.  Initial Appeal File (IAF), Tab 1.  At some point in 2014, he filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had retaliated against him for whistleblowing activity.  *Id.*  On November 25, 2014, OSC informed the appellant that it had terminated its investigation into his allegations, and it notified him of his right to file an individual right of action (IRA) appeal with the Board.  *Id.*  In the notice letter, OSC identified the following protected disclosures:  (1) a disclosure to management officials and the media that the Fort Sam Houston Police Department was operating at inadequate staffing levels; and (2) a complaint filed with the agency's Inspector General (IG) in April 2014.  *Id.*  The letter also identified the following alleged retaliatory personnel actions:  (1) a letter of reprimand received by the appellant on September 11, 2013; (2) the appellant's placement on administrative leave on September 17, 2013; and (3) the suspension of the appellant's security clearance on an unidentified date.  *Id.*

¶3    On January 25, 2015, the appellant filed an IRA appeal, to which he attached a copy of OSC's November 25, 2014 notice of appeal rights. *Id.*[2] He initially requested a hearing, but later withdrew his request. IAF, Tabs 1, 25. Based on the parties' written submissions, the administrative judge found that the IRA appeal was within the Board's jurisdiction. IAF, Tab 30, Initial Decision (ID) at 6. She further found that the appellant failed to establish that he made protected disclosures in June 2013 but that his September and November 2013 disclosures to the media concerning staffing issues at Fort Sam Houston, as well as his April 2014 IG complaint concerning safety issues, were protected. ID at 8-11. As to the alleged retaliatory actions, the administrative judge found that the suspension of the appellant's security clearance was not reviewable and that the appellant failed to show his disclosures were a contributing factor in the agency's decisions to reprimand him and place him on administrative leave. ID at 12-13. The administrative judge further found that, in any event, the agency established by clear and convincing evidence that it would have taken the same actions absent the appellant's whistleblowing activity. ID at 13-19. Accordingly, the administrative judge denied the appellant's request for corrective action under 5 U.S.C. § 1221. ID at 1, 19. The appellant filed a timely petition for review, to which the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.

¶4    On review, the appellant contends that the administrative judge erred in ruling that the Board could not consider whether the agency suspended his security clearance in reprisal for his protected disclosures. PFR File, Tab 1.[3] However, it is well established that the withholding of a security clearance does not constitute a "personnel action" under 5 U.S.C. § 2302(a)(2)(A), and

---

[2] The appellant declined the opportunity to provide a copy of his original complaint or any additional correspondence with OSC. IAF, Tabs 3, 8, 11, 13-14.

[3] The appellant does not contest the administrative judge's findings that his June 2013 disclosures were not protected and that his protected disclosures were not a contributing factor in the agency's decisions to reprimand him and place him on administrative leave. We discern no error in those findings.

therefore cannot be reviewed in an IRA appeal. *Hesse v. Department of State*, 217 F.3d 1372, 1375-80 (Fed. Cir. 2000); *Roach v. Department of the Army*, 82 M.S.P.R. 464, ¶¶ 48-54 (1999); *see Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 10 n.5 (2014) (finding that *Hesse* and *Roach* were not superseded by the subsequent passage of the Whistleblower Protection Enhancement Act of 2012 (WPEA)). Accordingly, we deny the appellant's petition for review.

¶5    We find, however, that the administrative judge erred in making an alternative finding that the agency proved by clear and convincing evidence that it would have reprimanded the appellant and placed him on administrative leave absent his protected disclosures. Under the WPEA, the Board may not order corrective action if "after a finding that a protected disclosure was a contributing factor" in a personnel action, the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure. 5 U.S.C. § 1221(e)(2). Thus, the Board may not proceed to the clear and convincing test unless it has first made a finding that the appellant established his prima facie case, i.e., that he made a protected disclosure that was a contributing factor in a personnel action. *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Because the appellant did not establish his prima facie case, we vacate the administrative judge's alternative finding.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.